IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

| | | |
|---|---|---|
| AKEEM WASHINGTON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION FILE |
| | ) | NO. 6:16-CV-167 |
| SHANNON R. RIVERA, in her | ) | |
| individual capacity and TINA E. | ) | |
| ELLIS, in her individual capacity, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

## THIRD AMENDED COMPLAINT

COMES NOW, Akeem Washington ("Akeem Washington") Plaintiff in the

above-styled action, and files his Second Amended Complaint as follows.

JURISDICTION AND VENUE

1.  This Court has subject matter jurisdiction over the claims asserted herein

and personal jurisdiction over the Defendants.  Defendant Rivera removed this

action from the State Court of Bulloch County, Georgia, to this Court.

2.  Venue is proper in this Court as at least one of the defendants resides in

Bulloch County, Georgia.

PARTIES

3.  Akeem Washington ("Akeem Washington") is a resident of the State of Georgia.

4.  At all times relevant to this action, Tina E. Ellis was acting within the scope and course of her employment as an assistant to Shannon Rivera; Tina Ellis was an employee of the Bryan County Sheriff's Department and, at all times pertinent hereto, acted under color of state law for purposes of 42 U.S.C.1983.

5.  At all times pertinent hereto, Ellis was a resident of Bulloch County, Georgia and subject to venue and jurisdiction in this Court.

6.  At all times relevant to this action, Shannon Rivera was acting within the scope and course of her employment.  At all times pertinent hereto, she was an employee of the Bryan County Sheriff's Department and acted under color of state law for purposes of 42 U.S.C. 1983.

7.  Rivera is a resident of Bryan County, Georgia and subject to the jurisdiction in this Court.

FACTUAL ALLEGATIONS

8.  On August 27, 2011 at 5:58 p.m., Akeem Washington was issued a speeding ticket in Bryan County.  Attached hereto is a true and correct copy of the ticket issued to Mr. Washington.

9.  Mr. Washington was, at that time, enrolled as a student at Georgia Southern University, pursuing an undergraduate degree.

10.  A court date was set for October 10, 2011 before the Honorable Judge Jack Carney, Judge of the State Court of Bryan County, Georgia.

11.  Washington attended the court date set by the officer who issued him the speeding ticket.

12.  On October 10, 2011, Washington appeared before Judge Jack Carney, and was adjudicated guilty of speeding by the Court through a verbal announcement by the Court.

13.  Shannon Rivera and Regina Curl, among others, were present in the Courtroom when  the Judge announced Mr. Washington's sentence.   Regina Curl was at that time a Deputy Clerk working in the office of the Clerk of Superior, State, Magistrate and Juvenile Courts of Bryan County, Georgia.  Her supervisor was Rebecca Crowe, the Clerk of Court.

14.  When Judge Carney announced Washington's sentence, stating that the total of the fine and associated fees for the speeding ticket was $895.00, Washington did not have the sum of $895.00 in cash on his person.

15. As a matter of standard practice, Judge Carney gave all misdemeanor traffic citation defendants the chance to pay their fine in full by a certain time

following sentencing, or even a week or so.  The standard practice was that if a defendant came in to pay their fine within the "grace period" of time given them by Judge Carney, even if it were after court adjourned that day, then the defendant would not be on probation.   The standard practice was that if a defendant came in to pay their fine within the "grace period," that they would pay the fine directly to the Clerk of State Court's office, which, in turn, would simply write the defendant a receipt for the payment.

16.  No written Sentence or Judgment was signed by Judge Carney concurrent with his verbal announcement of sentence.

17.  Following the announcement of sentence, Mr. Washington exited the courtroom.

18.  After he exited the courtroom, he spoke with Shannon Rivera and / or Tina Ellis regarding the terms which he would have to meet if he were to defer the payment of the entire fine that day and pay his fine over the course of a term of probation.

19.  Mr. Washington was informed that if he were to serve a term of probation over the course of a years' duration that the sum of the fine, plus probation supervision fees, would be $ 1,423.00.

20.  Mr. Washington was presented with a form by either Ellis or Rivera or both, reflecting that if he served a twelve month term of probation that he would be paying a total of $1,423.00.  The form bears the words "Payment Agreement." Attached hereto is a true and correct copy of the form provided to Mr. Washington.

21.  After being informed of the $1,423.00 amount, Mr. Washington decided that he could access enough cash to pay the $895.00 fine through an Automatic Teller type machine and thereby pay the entire fine that day.

22.  Mr. Washington did not sign the "payment agreement" form presented to him.

23.  Mr. Washington returned to the Courtroom with the unsigned form and spoke to Judge Carney.  Regina Curl, Shannon Rivera, and Rebecca Crowe were present in the Courtroom when Washington spoke to the Judge.

24.  Mr. Washington told Judge Carney that he was going to go get the cash to pay the entire fine.  Rivera was present in the courtroom when Washington said that.  Rivera sat immediately in front of Curl when Washington said that.  Rivera heard Washington tell the judge that he was going to get the cash.

25.  As a result of Washington's statement, the Judge ordered that Washington's projected status of being on probation would be suspended upon his

payment of the fine, explaining further that Washington's fine of $895.00 was to be paid by October 25, 2011 at 5:00 p.m. and, in the event that the fine was paid, he was to be released from probation.  Rivera heard what the Judge told Washington.  In Rivera's presence, Curl told Washington that it would be fine if he left to get the money to pay the fine.   The judge did not Order Washington to report to the Probation Office in the event that Washington paid the fine by October 25, 2011.

26.  As a result of the Judge's statement, Regina Curl and/or Rebecca Crowe wrote notes on a copy of the Bryan County State Court Criminal Calendar for October 10, 2011 to reflect the Judge's Order.  Attached hereto is a true and correct copy of the Bryan County State Court Criminal Calendar for October 10, 2011, which, at page 25, bears the notes described in the foregoing paragraph.

27.  Either Curl or Crowe made additional notes on the Calendar to the effect that if Washington paid the fine then the Clerk's office was to contact "Shannon so she can release" Washington from probation.

28.  As of the time of the Judge's verbal Orders, there was no written Sentencing Order signed by the Judge.

29.  Following the Judge's verbal order as described above, Washington left the Courthouse where Court was in session, located a automatic teller type

machine and obtained the cash needed to make the full payment of the fine of $ 895.00.

30.  Washington returned to the Courthouse and went to the Court Clerk's office.

31.  At the Court Clerk's office he located Regina Curl.

32.  Mr. Washington paid the amount of $895.00, in cash, to Regina Curl on the afternoon of October 10, 2011.

33.  Ms. Curl wrote out a receipt to reflect that Mr. Washington had paid the fine.  Attached hereto is a true and correct copy of the receipt which she wrote supplied to Mr. Washington.  It was common practice for the clerk's office to receive money at their office in payment of fines when the defendants had been given additional time to pay the fine in lieu of being on probation.  When such a payment was made directly to the clerk's office, they would notify the probation office and let them know that the fine had been paid.

34.  In accordance with the verbal instructions of the Judge, Ms. Curl called to the Probation Office of Bryan County.

35.  As she did so, Mr. Washington was still present in the Clerk's office.

36.  When Curl telephoned the Probation Office, she spoke to Regina Ellis. Curl told Ellis that Mr. Washington was in her office.

37.  Ms. Curl told Ellis Mr. Washington's citation number and informed Regina Ellis that Mr. Washington had paid his fine in full.

38.  Ms. Curl asked Regina Ellis to inform Shannon Rivera of the fact that Mr. Washington had paid his complete fine.

39.  According to the written sentencing document eventually signed by Judge Carney, Mr. Washington's "[s]entence terminated upon full payment of fine and fees paid."

40.  Washington did not owe any probation fee to the probation office of Bryan County at the time that he paid the entire Court Ordered fine on October 10, 2011.

41.  When Washington paid the fine, he had not been subject to any supervision by the probation office of Bryan County, Georgia.

42. The Probation Office of Bryan County was a section of the Bryan County Sheriff's Department, supervised by Sheriff Clyde Smith.

A. When originally hired by the Sheriff, Shannon Rivera was a jailer for the Sheriff's Department.  She remained an employee of the Sheriff's department until she was fired in 2014.  She was issued a firearm by the Sheriff's department.

B. In 2011, Shannon Rivera and Tina Ellis were employees of the Sheriff's Department assigned to work in the probation office.

C. Sheriff Smith had the sole authority to hire or fire or discipline Shannon Rivera and Tina Ellis. The probation office of Bryan County was located at the Sheriff's offices at the Bryan County Jail.

D. No Judge of any Court in Bryan County had any authority to hire, fire or discipline either Shannon Rivera or Tina Ellis.

E. No Judge in Bryan County, including Judge Carney, supervised either Shannon Rivera or Tina Ellis.

F. Neither Ellis nor Rivera prepared pre-sentencing reports for the State Court Judge prior to or in conjunction with the sentencing of defendants coming before the judge for sentencing.

G. The State Court of Bryan County never established any policies and procedures which were to be followed by the Probation Office for which Ellis and Rivera worked .

H. There were no policies or procedures issued by any court in Bryan County which, in the day to day operations of the Probation Department, were to be followed by Ellis or Rivera.

I. The job description for Ellis and Rivera was promulgated by the Bryan County, Georgia, government and not by a judge or judicial official or court official.

J. The salaries paid to Rivera and Ellis were budgeted as a part of the Sheriff's Department of Bryan County.  The salaries were paid entirely from county funds.  None of the funds used to pay the salaries of Ellis or Rivera came from the Georgia State Legislature, nor the from the budgets of any of the Courts operating within Bryan County, Georgia.

43.  Probation Fees are not due and payable in advance of the term during which one serves on probation.

44.  At all times pertinent hereto, Clyde Smith was the Sheriff of Bryan County and was the Director of the Probation Office of Bryan County.   Probation supervision fees are not payable if the putative probationer has not been under the supervision of the probation office.

45.  Any probation fees payable by a probationer are payable at the end of a month of probation, not in advance.

46.  The practice of a probation officer by which he or she would charge probationers for a term of probation in advance of the service of probation is called "front-loading" probation fees.

47.  The policy of the Sheriff of Bryan County and the Bryan County Probation Department was that front-loading was not to be practiced.

48.  Probation officers are not authorized by law to impose probation supervision fees in advance of the service of a term of probation.  Shannon Rivera was not authorized by Judge Carney to require probation supervision fees from Akeem Washington in the event that Mr. Washington paid the entire fine and fees amount of $895.00 by October 25, 2011.

49.  When Washington paid his fine, he fully satisfied all conditions of the Sentence declared by Judge Carney.

50.  Tina Ellis did not tell Shannon Rivera that Mr. Washington had paid his fine.

51.  On October 12, 2011, Regina Curl posted the information that Washington's fine had been paid to the data base maintained by the Clerk's office regarding persons who had been sentenced.

52.  On some day after October 10, 2011, the written Sentencing document was presented to and signed by Judge Carney.

53.  The written and signed Sentencing document was not filed in the office of the Clerk of Courts for Bryan County until January 11, 2012.

54.  Between October 10, 2011, and February 7, 2012, neither Shannon Rivera nor Tina Ellis contacted Mr. Washington -  either by telephone or by letter

or by any other means. Neither of them attempted to contact Mr. Washington during that time.

55. On or before February 7, 2012, Tina Ellis and/or Shannon Rivera prepared a "Warrant for Arrest of Probationer."  A true and correct copy of the Warrant is attached.

56. The Warrant alleged, among other things,  that Mr. Washington failed to report to the probation office as instructed and had failed to pay as instructed.

57. The Warrant document bears lines calling for the signature of Shannon Rivera and the signature of Judge Carney.

58. Prior to the warrant document being signed by Shannon Rivera, Tina Ellis knew that Mr. Washington had paid his fine on October 10, 2011.

59. Prior to and at the time that Shannon Rivera signed the Warrant document, Tina Ellis knew that the allegation that Mr. Washington had failed to pay his fine was untrue.

60. Tina Ellis was in a position to notify Shannon Rivera that Mr. Washington had indeed paid his fine on October 10, 2011, and failed to do so.

61. Tina Ellis knew that Mr. Washington was subject to arrest, and was likely to be arrested, in the event that the warrant application was signed by Shannon Rivera and signed by Judge Carney.

A. Tina Ellis notarized Shannon Rivera's signature on the warrant document.

B. Tina Ellis was aware of the contents of the warrant document when she notarized the document.

62.  At and before February 7, 2011, Shannon Rivera knew that Judge Carney had given Mr. Washington permission to forego being on probation by paying the $ 895 fine on or before October 25, 2011.

63.  Shannon Rivera knew that if Mr. Washington paid the fine within the time allowed by the Judge that Washington would not be on probation and would not be subject to her supervision, and would have no obligation to report to her nor obligation to pay a fee for supervision.

64.  On October 10, 2011, Shannon Rivera knew that Washington had told the Judge that he was going to get the entire fine and pay it and knew that the Judge gave Washington permission to do so and forego being on probation.

65.  Between October 10, 2011, and February 7, 2012, Shannon Rivera took no step to determine whether Washington had paid his fine to the Clerk of the State Court.  Rivera took no step to determine whether Washington had paid his fine directly to the Clerk of the State Court even though she had frequently done so in the past.  Rivera often went to the Clerk of State Court's office to check

whether someone given time to pay their entire fine by the Judge had done so by paying the clerk's office.  She took no such step even though she had previously started to take out a warrant on a defendant for alleged non-payment of their fine only to learn, when checking with the clerk's office, that the person had actually paid the fine in full to the clerk's office.

66.  Throughout the period of time between October 10, 2011, and February 7, 2012, Shannon Rivera could have contacted the Clerk of Court for Bryan County, Georgia, to determine whether that office had a record of Mr. Washington's payment of the fine in accordance with the instructions of Judge Carney.  Shannon Rivera did not do so.

67.  On or about February 7, 2012, Shannon Rivera signed the Warrant for Arrest of Probationer document alleging that Akeem Washington had failed to pay his fine of $895.00.  Prior to signing the warrant, Rivera was on notice that when a defendant like Washington was given extended time by Judge Carney to pay their fine that they would pay their fine to the clerk's office and therefore would not have violated probation by failing to pay the Probation Office.

68.  The foregoing allegation to which Shannon Rivera swore was untrue.

69.  At and before September 29, 2012, Mr. Washington was employed by the Georgia Department of Corrections.

70.  At and before September 29, 2012, Mr. Washington was stationed at the Rogers State Prison and continued to be an employee there up to and including October 1, 2012.

71.  On September 29, 2012, Mr. Washington was detained and arrested in Bulloch County, Georgia, on the basis of the February 7, 2012, Warrant prepared by Ellis and signed by Rivera.

72.   Following his arrest, he was transported to the Bryan County Jail.

73.  After Washington informed the Sheriff's personnel that he had paid the October 10, 2011, fine in full, Shannon Rivera was notified that Mr. Washington had been arrested.

74.  After Rivera was notified that Washington had been arrested, she confirmed that Washington had paid his Court ordered fine.

75.  Rivera notified the Sheriff's personnel that Washington was free to go. Washington was released from custody without paying any court or "probation" fee. Rivera did not condition Washington's release on payment of any additional fee because he never owed any further fee to the Court or the probation office once he paid the full amount of his fine to Regina Curl.

76.  As a direct result of Washington's arrest, he was fired from his job.

77.  As a direct result of his arrest, and the loss of his job, Washington was unable to afford college tuition and was unable to continue with his college education and unable to continue with his plans for future personal and economic success.

78.  As a direct result of his arrest, Washington was humiliated and embarrassed.

PROBATION SERVICES WITHOUT STATE AUTHORIZATION

79.  At all times pertinent hereto, the law of the State of Georgia provided for the establishment of probation programs for handling the probation of persons placed on probation as a result of being sentenced for  misdemeanor offenses.

80.  According to the applicable laws of the State of Georgia, O.C.G.A. § 42-8-101, counties such as Bryan County were authorized to enter into written contracts with agencies to provide probation supervision and other services associated with misdemeanor probation sentences.

81. In October of 2011, no public agency otherwise qualified to provide probation services to persons serving Misdemeanor sentences was lawfully authorized to provide such services to a Court in the absence of a written agreement existing between the county and the State Court of said County.

82. On October 10, 2011, no written agreement by and between the Judge of the State Court of Bryan County, on the one hand, and Bryan County, Georgia, on the other,  provided for Bryan County, nor any other public agency, to engage in the provision of probation supervision of persons sentenced to probation by the State Court of Bryan County.

83. In the absence of a valid contract by and between the Judge of the State Court of Bryan County and Bryan County itself, it was unlawful for the Probation Office of Bryan County to extract payments from Washington or any other probationers for the performance of probation services.  See, *Sentinel Offender Services, LLC v. Glover*, 296 Ga. 315, at 333 (2014).

84. In the absence of a valid contract as described above, Shannon Rivera did not have the legal authority to supervise Washington, even if he had been on probation, nor the legal authority to demand probation payments from him.

85. Shannon Rivera's conduct in swearing out the arrest warrant for Washington was ultra vires and conduct for which she did not have lawful authority.

MINISTERIAL DUTIES

86. On December 7, 2011, a representative of the County and Municipal Advisory Council, Amy Hartley, met with Shannon Rivera at the Bryan County

Probation Office to conduct a Compliance Review.

87. On or about January 31, 2012, Amy Hartley sent a copy of the Compliance Review Report of the County and Municipal Advisory Council to Sheriff Smith and to Ms. Shannon Rivera.

88. The Compliance Review Report included a series of recommendations to Rivera and Smith concerning the operations of the Bryan County Probation Department.

89. When providing the Compliance Review Report to Rivera and Smith, Amy Hartley declared that there were "significant case management deficiencies identified during the recent December Compliance Review, such as the potential for citizens to be arrested on unlawful warrants and abandonment of proper supervision activities...."

90. Among the recommendations were the following: - Develop written revocation procedures/documents to ensure that all probationers are given sufficient notice to consult with and/or hire an attorney before appearing in court for a revocation hearing.  - Review each case file (Warrant and Active) and make an entry summarizing what documentation exists to demonstrate the status of the case.

91. Following the issuance of the Compliance Review Report, Sheriff Smith directed Rivera to perform the tasks set out in the recommendations of the Compliance Review Report, including but not limited to the development of the procedures called for by the report, and the review of each case file to ascertain the status of the case and the documentation associated with the case.

92. Despite the direct Order from Sheriff Smith, Rivera failed to perform the tasks set out in the recommendations.

93. On a number of occasions prior to February 7, 2012, Shannon Rivera had contacted the office of the Clerk of Court for Bryan County to ascertain whether criminal defendants who had been permitted by the Judge to pay their fees to the Court directly following their sentencing, and thereby forego serving probation.

94. Rivera did not contact the office of the Clerk of Court for Bryan County concerning Mr. Washington prior to swearing out the arrest warrant for Washington's arrest.

95. If Rivera had contacted the Clerk of Court for Bryan County concerning Mr. Washington prior to swearing out the arrest warrant for his arrest, she would have been provided with the information that he had paid his fine in full.

96. Rivera's negligent failure to carry out the directive of Sheriff Smith resulted in the arrest of Mr. Washington.

97. On and before February 7, 2012, Defendant Ellis knew that if she were aware that a probationer had actually paid their fine amount, then she was not to present a warrant application for that probationer's arrest to Ms. Rivera for her signature.  Instead she was to inform Rivera of the fact of the payment by the probationer.

98. As stated above, Ellis knew prior to February 7, 2012, that Washington had paid the court imposed fine on October 10, 2011.

99. Nevertheless, Ellis prepared the warrant application for Rivera's warrant against Washington and even notarized Rivera's signature.  She did not inform Rivera of Washington's payment.

100. If Ellis had carried out her duties as described above, then Rivera would not have sworn out the warrant for Washington's arrest.

COUNT I

101. As a direct result of the actions of Defendants Rivera and Ellis, Washington was deprived of his protection from unreasonable seizure in violation of the Fourth Amendment of the United States Constitution.

COUNT II

102. As a direct result of the intentional and negligent actions and inactions of the Defendants Rivera and Ellis,  Washington was deprived of the protections which he enjoys from unlawful arrest pursuant to the laws and constitution of the State of Georgia.

COUNT III

103. The actions of the two defendants, as outlined above, constitute conduct taken in bad faith within the meaning of O.C.G.A. § 13-6-11 and, as a result the Plaintiff is entitled to recovery of his expenses of litigation, including but not limited to attorneys fees.

PRAYER FOR RELIEF

WHEREFORE, Akeem Washington respectfully requests the following relief:

a.  That damages be awarded against the defendants to compensate him for his economic injuries as a consequence of the Defendants' violations of his rights in an amount to be determined by the enlightened conscience of the jury;

b.  That compensatory damages be awarded against each of the Defendants to compensate him for his pain and suffering, mental and emotional distress, anxiety, humiliation, outrage, loss of professional and personal reputation, and

loss of liberty as a consequence of the Defendants' actions  in an amount to be

determined by the enlightened conscious of the jury;

c.  That reasonable attorneys fees and other expenses of litigation be taxed

against the Defendants;

d.  That a trial by jury be had on all issues wherein a jury trial is permitted

under law; and

e.  That the Court awards such other relief as the Court deems just and

proper.

This 9th day of January, 2017.


S/ G. BRIAN SPEARS _____
Bar No. 670112
Attorney for Plaintiff


1126 Ponce de Leon Ave., N.E.
Atlanta, Georgia 30306
Tele:  (404) 872-7086
Fax:  (404) 892-1128
Email: Bspears@mindspring.com

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on January 9, 2017, I electronically filed the attached with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to the following attorneys of record:

Paul H. Threlkeld
Patrick T. O'Connor
Oliver Maner LLP
P.O. Box 10186
Savannah, GA 31412
pht@olivermaner.com

Richard K.  Strickland
Brown, Readdick, Bumgartner, Carter, Strickland & Watkins, LLP
P. O. Box 220
Brunswick, GA 31521-0220
Rstrickland@brbcsw.com

The following attorney of record for Plaintiff has been provided with a copy of the attached via U.S. Mail, postage prepaid.

Mawuli Davis, Esq.
Davis Bozeman Law Firm, P.C.
4153 C Flat Shoals Pkwy #204
Decatur, GA 30034

<u>S/BRIAN SPEARS, ECF-Registered Attorney</u>
Georgia Bar No. 670112
Attorney for Plaintiff
1126 Ponce de Leon Avenue
Atlanta, GA 30306
Telephone: (404) 872-7086
Email: Bspears@mindspring.com
