# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# STATESBORO DIVISION

| | | |
|---|---|---|
| AKEEM WASHINGTON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| SHANNON RIVERA, in her individual capacity and TINA E. ELLIS, in her individual capacity, | ) ) ) ) ) | CV616-167 |
| | ) | |
| Defendants. | ) | |

## ORDER

"The secretary did it." That's how this case got started, and that assertion figures into a defendant's motion to stay proceedings in this wrongful arrest case until the district judge rules on her dismissal motion. Docs. 21 & 23. The story begins with plaintiff Akeem Washington's October 10, 2011 speeding conviction in Bryan County, Georgia. A judge imposed an $895 fine, then leveraged prompt payment by imposing probation (which itself would cost him additional fees) to terminate upon payment. Doc. 11 at 5-6.[1] Washington paid it that day, *id.* at 7, and a

---

[1] For the purpose of this Order, the Court is accepting facts taken from the cited filings as true.

1

clerk noted that fact in the clerk's office database the next day. *Id.* at 11, 12. Defendant Tina Ellis, secretary to probation officer (and co-defendant) Shannon Rivera, was obliged to, but failed, to notify Rivera. *Id.* at 11, 12; doc. 21 at 4. And Rivera failed to double-check months later, before swearing out a probation-violation arrest warrant.[2] Doc. 11 at 12-14, 19. The resulting arrest cost plaintiff his job. *Id.* at 15.

Washington sued both women under 42 U.S.C. § 1983 and state law. Doc. 11 at 2. Moving for Judgment on the Pleadings (JOP), Rivera contends that "Washington's claims under 42 U.S.C. §1983 are barred by both quasi-judicial immunity and qualified immunity. His claims under Georgia law are also barred twice over -- both by quasi-judicial immunity and by the Georgia Tort Claims Act. Dismissal of all claims asserted against Rivera in Washington's Second Amended Complaint is warranted." Doc. 21 at 3.

---

[2] "Apparently," says Rivera, "Washington had improperly paid the fine (but not the fees) to the clerk of court rather than Rivera, but it is undisputed that Rivera was not aware Washington had done so." Doc. 21 at 1. Rivera represents that she "was present in the courtroom when the arrangement for Washington to pay his fine was made, and as the clerk's notes reflect, the agreement was that Washington 'Must pay by 10-25 @ 5 pm or he stays on prob. If pays then call Shannon so she can release his prob.' Rivera was under the belief that she would be contacted if Washington paid his fine, and it is undisputed that Rivera was never told by anyone that Washington had paid." Doc. 31 at 13 (cites omitted).

2

Rivera contends that her "arrest" decision was a discretionary function entitling her to qualified immunity from Washington's § 1983 claim.³ Doc. 31 at 7-8. Confident that she'll prevail, she moves to stay this case until the district judge rules on her JOP motion.⁴ Doc. 23. The undersigned will reach her stay motion, and thus take a "preliminary peek" at her JOP motion's strength.⁵

That inquiry encompasses different thresholds for state versus federal claims. *Compare Houston v. Owens*, 2011 WL 7090811 at * 1 (S.D. Ga. Dec. 6, 2011) (analyzing elements that establish a cognizable claim for unlawful detention under § 1983 in "excess-incarceration" case;

---

³ "Parole and probation officials, like police officers, are entitled to qualified immunity for their non-adjudicatory, *i.e.* discretionary, activities." *Presley v. Morrison*, 950 F. Supp. 1298, 1304 (E.D. Pa. 1996). Qualified immunity analysis employs two steps -- whether the government official was engaged in a "discretionary function" and, if so, did she lack good faith (*i.e.*, violate clearly established law). *See, e.g., O'Rourke v. Hayes*, 378 F.3d 1201, 1210 (11th Cir. 2004) (because probation officer's conduct was clearly established as unconstitutional, he was not entitled to qualified immunity); *Presley*, 950 F. Supp. at 1304-05 (probation officer had qualified immunity on probationer's unlawful arrest civil rights claim, despite probationer's allegation that officer had arrested him with knowledge that probationer was innocent).

⁴ Ellis, who does not move for summary disposition, has filed an Answer denying liability and invoking immunity defenses. Doc. 19.

⁵ On such stay motions the Court preliminarily gauges the dispositive motion to assess the likelihood that it will be granted and thus moot discovery. *Rankin v. Board of Regents of the University System of Georgia*, 2017 WL 536848 at * 2 (S.D. Ga. Feb. 8, 2017); *Taylor v. Jackson*, 2017 WL 71654 at * 1 n. 2 (S.D. Ga. Jan. 6, 2017).

3

a plaintiff must allege (1) intent to confine, (2) acts resulting in confinement, and (3) consciousness of the victim of confinement or resulting harm) (citing *Orega v. Christian*, 85 F.3d 1521, 1527 n. 2 (11th Cir. 1996)), *with Hicks v. McGee*, 289 Ga. 573, 576 (2011) (superior court clerk and court employee were not entitled to official immunity from state-law claim over their negligent failure to inform Department of Corrections of prisoner's sentence within 30 days of receipt of amended sentencing order, resulting in 22-month, excess-incarceration claim; specific actions mandated by state statute were ministerial and unambiguously triggered by the amended order, and it did not matter if defendants failed to recognize amended order as a sentencing order).

The § 1983 claim thus rests on conscious knowledge, if not reckless disregard of facts establishing that Washington's probation had terminated upon payment of his fine (equivalent to criminal recklessness in some contexts, *see Gordon v. Wilcher*, 2016 WL 7911910 at * 2 (S.D. Ga. Dec. 21, 2016) (citing *Farmer v. Brennan*, 511 U.S. 825, 837 (1994)). The state-law negligence claim requires far less. Washington accuses *Ellis* of conscious knowledge: "Ellis knew prior to February 7, 2012 that Washington had paid the court imposed fine on October 10, 2011.

4

Nevertheless, [she] prepared the warrant application for Rivera's warrant against Washington and even notarized Rivera's signature. She did not inform Rivera of Washington's payment." Doc. 11 at 20, ¶¶ 98-99.

Knowingly triggering a false arrest fetches § 1983 liability for state actors. *Kingsland v. City of Miami*, 382 F.3d 1220, 1233 (11th Cir. 2004) (fact questions as to whether arresting officers had made deliberately false statements on arrest affidavit supporting arrest and subsequent prosecution precluded summary judgment for officers on qualified immunity grounds). Alas, Ellis is not moving for JOP.

Washington's Amended Complaint allegations against *Rivera* speak more in negligence than intent -- obviously a key distinction in supporting a § 1983 versus state-law claim (he raises both against her).[6] Doc. 11 at 19-20, ¶¶ 91-96. But in his stay-motion reply brief he insists: "Washington alleges that Rivera falsely swore out an arrest warrant

---

[6] *See Fleming v. Dowdell*, 434 F. Supp. 2d 1138, 1157-58 (M.D. Ala. 2005) (state parole board acted within its general subject matter jurisdiction in revoking parolee's parole, so defendant members were entitled to absolute quasi-judicial immunity on parolee's § 1983 constitutional claims -- board was unaware that federal court had invalidated his conviction); *Ortega*, 85 F.3d at 1525-27 (applying knowledge-based elements of an unlawful-detention based § 1983 claim), cited in *Bracknell v. Montgomery County Comm'n*, 2007 WL 1034961 at * 4 (M.D. Ala. Mar. 29, 2007) (rejecting "excess incarceration," § 1983 claim because plaintiff failed to allege deliberate indifference).

claiming that he had failed to pay his traffic fine, [so] qualified immunity is simply not available." Doc. 29 at 5 (citing *Kingsland*).

The district judge will sort all of that out.

In the meantime, the parties have already conducted substantial discovery; Rivera has already been deposed and has responded to traditional written discovery. Doc. 29 at 4, 5. Hence, little "litigational efficiency" would be gained by stopping it now. And even if the federal claim is dismissed, Washington's state law (*Hicks*-type) claim appears viable -- at least against Ellis. So, the risk is low that discovery will be wasted, even if this case is ultimately tried in state court.[7]

Shannon Rivera's Motion to Stay these proceedings is therefore **DENIED**. Doc. 23.

**SO ORDERED**, this 8th day of March, 2017.

*/s/ JB Smith*
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

---

[7] When federal claims "evaporate," a federal court can dismiss the case so the plaintiff can pursue his state-law claims in state court. *See Granite State Outdoor Advertising, Inc. v. Cobb Cnty., Ga.*, 193 F. App'x. 900, 907 (11th Cir. 2006), cited in *Dixon v. King & Prince Seafood Corporation*, 2017 WL 68628 at * 5 (S.D. Ga. Jan. 6, 2017); *Jordan v. Mosley*, 2007 WL 3102165 at *2 (S.D. Ga Oct. 22, 2007).