IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

STATESBORO DIVISION

| | | |
|---|---|---|
| AKEEM WASHINGTON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 616-167 |
| | ) | |
| SHANNON R. RIVERA and TINA E. ELLIS, | ) | |
| | ) | |
| Defendants. | ) | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Before the Court is Defendants' Joint Motion to Enforce Settlement, wherein Defendants seek to enforce the settlement agreement reached after mediation before the undersigned on December 17, 2019. (Doc. no. 69.) For the reasons stated below, the Court **REPORTS AND RECOMMENDS** Defendants' motion be **GRANTED**.

**I.  BACKGROUND**

On December 17, 2019, the undersigned conducted a mediation in Statesboro, Georgia, with counsel for all parties present and Plaintiff participating by videoconference. (Doc. no. 68.) The undersigned granted Plaintiff's request to participate electronically rather than in person because of the time and expense of travel from Plaintiff's current residence in California. At the mediation, the parties agreed to a final settlement as memorialized in a Settlement Term Sheet signed that same day by all counsel. (Id.; Settlement Term Sheet, doc. no. 69-1.) The Settlement Term Sheet included all essential terms of the settlement and specified the settlement was immediately binding and "not contingent upon execution of a formal settlement agreement."

(Settlement Term Sheet, p. 2.) On the signature page, Plaintiff's counsel signed as legal counsel and also signed as Plaintiff "with expressed permission." (Id.)

Plaintiff changed his mind the day after the mediation and claims he "had no knowledge of a binding settlement agreement term sheet. No expressed permission was given to sign his name, nor was any information pertaining to this form given to [Plaintiff] to agree to." (Doc. no. 69-2; Doc. nos. 73, 73-1.) Plaintiff's counsel maintains Plaintiff agreed to the settlement and expressly gave counsel authority to sign the Settlement Term Sheet on his behalf, confirming as much in writing by text message to Plaintiff's counsel. At Plaintiff's request, Plaintiff's counsel attached a copy of the Attorney-Client Agreement to his supplemental brief. The agreement authorizes counsel, in pertinent part, "to claim, or to make settlement in or out of court, as in their discretion may be deemed best, and to take any and all steps that may be necessary or proper to effect a full or partial settlement in conduct of said cause." (Doc. no. 73-1, p. 2-3.)

## II. DISCUSSION

"[A] district court has jurisdiction to enforce a settlement agreement, at least when one party refuses to abide by the agreement prior to dismissal of the action." Kent v. Baker, 815 F.2d 1395, 1400 (11th Cir. 1987). "The construction and enforceability of a settlement agreement is governed by state law." Albert v. Am. Family Ins. Co., 739 F. App'x 607, 609 (11th Cir. 2018) (citing Hayes v. Nat'l Serv. Indus., 196 F.3d 1252, 1254 (11th Cir. 1999)). Because this case was originally filed in the State Court of Bulloch County, Georgia, and removed to this Court on the basis of federal question jurisdiction pursuant to 28 U.S.C. §§ 1331, 1441, Georgia law controls enforcement of the settlement agreement. Id.; see Hayes, 196 F.3d at 1254 (referring to state law principles when reviewing scope of attorney's authority to enter into settlement

2

agreement); Glazer v. J.C. Bradford and Co., 616 F.2d 167, 168 (5th Cir. 1980)[1] (explaining states have "substantial interest in defining the relationship between attorney and client mandates that principles of state law be applied").

> "Under Georgia law an attorney of record has apparent authority to enter into an agreement on behalf of his client and the agreement is enforceable against the client by other settling parties." This apparent authority "may be considered plenary unless it is limited by the client and that limitation is communicated to opposing parties." "In the absence of knowledge of express restrictions on an attorney's authority, the opposing party may deal with the attorney as if with the client, and the client will be bound by the acts of his attorney within the scope of his apparent authority."

Id. (alterations in original) (internal citations omitted) (quoting Brumbelow v. N. Propane Gas Co., 308 S.E.2d 544, 546 (1983)).

Georgia law thus clothed Plaintiff's counsel with apparent authority to negotiate and execute a binding settlement of this lawsuit on behalf of Plaintiff. Because Plaintiff never communicated to defense counsel or the Court any limit to this apparent authority, the Court and Defendants were free to deal with Plaintiff's counsel as if they were Plaintiff, and Plaintiff is bound by the Settlement Term Sheet agreed to and executed by his counsel.

In addition to apparent authority, Plaintiff clothed his counsel with express authority to enter into a binding settlement of this lawsuit on his behalf. Indeed, the Attorney-Client Agreement signed by Plaintiff states as follows:

> I hereby constitute and appoint Mawuli M. Davis, Esq. and the firm of The Davis Bozeman Law Firm, PC as my attorneys or agents in fact, giving and granting unto said Attorneys full power and authority to claim, or to make settlement in or out of court, as in their discretion may be deemed best, and to take any and all steps that may be necessary or proper to effect a full or partial

---

[1] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

3

settlement in conduct of said cause.

I do give said Attorneys full Power of Attorney to sign in my behalf any and all checks, drafts, releases, and other documents relating to the settlement of this case and/or any checks or drafts from the insurance company as payment under this claim in the event I am unable to sign for same due to unforeseeable circumstances which may arise during the course of litigation.

(Doc. no. 73-1, p. 2-3.) Plaintiff initialed every page of the Attorney-Client Agreement and signed the last page. (Id. at 3.)

For all of these reasons, it is irrelevant whether Plaintiff knew about the Settlement Term Sheet and expressly authorized counsel to sign it on his behalf. Notably, however, Plaintiff participated by video teleconference in the entire day of negotiations and agreed to the final settlement amount in the presence of the undersigned. The settlement of this lawsuit as embodied in the Settlement Term Sheet dated December 17, 2019, which contains all essential terms of a binding settlement, is valid and enforceable. See Albert, 739 F. App'x at 609-10 (explaining Georgia law enforces settlement agreements so long as there is written memorialization of essential terms, even when only embodied in emails circulated among counsel, and in absence of full, final, and signed settlement agreement).

## III. CONCLUSION

The Court **REPORTS AND RECOMMENDS** Defendants' Joint Motion to Enforce Settlement Agreement be **GRANTED**, (doc. no. 69), and Plaintiff be **ORDERED** to execute a final settlement agreement, accepting the agreed upon consideration, and file a stipulation of dismissal. Failure to comply should constitute contempt and be punishable by sanctions

up to and including dismissal with prejudice of this civil action.

SO REPORTED and RECOMMENDED this 30th day of January, 2020, at Augusta, Georgia.

/s/ Brian K. Epps
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA